IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM DAVIS and CHRISTINE DAVIS, | CASE NO. _3:17-cv-50301_____ |
| Plaintiffs, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| HAAS TRUCKING, INC. and JASON B. LARSON, | |
| Defendants. | |

COME NOW the Plaintiffs, by and through their undersigned counsel of record, and for their causes of action against the Defendants, allege and state as follows:

## PARTIES

1.      Plaintiffs William Davis and Christine Davis are married persons who are citizens of Jo Daviess County, Illinois domiciled in Galena, Illinois.

2.      Defendant Haas Trucking, Inc. is a Michigan corporation organized and existing under the laws of the state of Michigan with its principal place of business in Albion, Michigan.

3.      Defendant Jason B. Larson is an individual citizen of the state of Michigan domiciled in Parma, Michigan.

## JURISDICTION AND VENUE

4.      At all times material to this action, Haas Trucking was engaged in the regular and sustained business of transporting goods, merchandise, and cargo as a "for hire" motor carrier in and through the state of Illinois.

5.      Haas Trucking is subject to the personal jurisdiction of this Court for several reasons including, but not limited to:

      a.      its repeated and sustained transportation of goods, merchandise, and cargo in and through the state of Illinois;

      b.      its repeated and sustained transaction of business with customers and other business entities located within and throughout the state of Illinois; and

      c.      its derivation of substantial revenues from business activities conducted within the state of Illinois.

6.      Haas Trucking is a business entity with sufficient minimum contacts with this judicial district to subject itself to the personal jurisdiction of this state.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based upon the complete diversity of citizenship of the parties and the amount in controversy, which is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8.      The facts giving rise to this action occurred in Jo Daviess County, Illinois, which is situated within the Northern District of Illinois, Western Division.

**FACTUAL BACKGROUND COMMON TO ALL COUNTS**

9.      On March 8, 2017, Jason B. Larson was an agent and/or employee of Haas Trucking.

10.      On that date, Mr. Larson was driving a semi-truck owned and operated under the authority of Haas Trucking in Jo Daviess County, Illinois within the scope of his employment by Haas Trucking.

11.      At approximately 9:55 a.m., Mr. Larson was impaired and under the influence of illegal drugs while operating the aforementioned semi-truck on U.S. Highway 20 near Galena, Illinois.

12. In addition to being under the influence of illegal drugs, Mr. Larson was also excessively fatigued after operating Haas Trucking's semi-truck in excess of the applicable "hours of service" regulations governing Haas Trucking and its drivers.

13. Mr. Larson intentionally and unlawfully falsified his log book to make it appear as though he was operating within the applicable "hours of service" regulations with the specific intent to deceive and evade detection by law enforcement.

14. Mr. Larson intentionally and unlawfully falsified his log book with a motive to financially benefit himself and Haas Trucking.

15. Furthermore, Mr. Larson was exceeding the posted speed limit as he approached a curve in the roadway located on U.S. Highway 20 near Galena.

16. As he was entering the aforementioned curve in the roadway, Mr. Larson overturned Haas Trucking's semi-truck directly in front of or on top of an oncoming F-250 Ford pickup truck owned and operated by Plaintiff William Davis.

17. Plaintiff William Davis was severely injured in the ensuing collision between his Ford F-250 pickup truck and Haas Trucking's semi-truck, including the following injuries:

      a. A traumatic brain injury with subdural hematoma;

      b. A fractured skull;

      c. A closed left tibial plateau fracture requiring ORIF surgery;

      d. An acute compression fracture of his L1 vertebra;

      e. A closed fracture of his left radial head and coronoid process;

      f. A fracture of his left clavicle at the sternoclavicular junction;

      g. A fracture of the left scapular glenoid;

      h. A fractured sternum;

i.      A bruised kidney resulting in kidney failure; and

j.      Numerous other injuries consistent with trauma sustained in a collision with a semi-truck at highway speed.

18.    Plaintiff William Davis has incurred more than two hundred seventy-five thousand dollars ($275,000.00) in medical expenses as a result of the injuries described in paragraph (17) above.

## COUNT I
## NEGLIGENCE/RECKLESSNESS

19.    Plaintiffs re-state paragraphs (1) through (18) above as if fully set forth herein.

20.    While operating the aforementioned semi-truck at the time and place described above, Defendant Larson was negligent and/or reckless in one or more of the following particulars, including but not limited to:

a.      driving while impaired and under the influence of illegal drugs;

b.      driving while excessively fatigued in violation of applicable "hours of service" regulations;

c.      failing to maintain control of the vehicle he was operating;

d.      failing to drive at a careful and prudent speed; and

e.      failing to properly secure the cargo load he was hauling.

21.    Defendant Larson was financially motivated by Defendant Haas Trucking to commit the negligent and reckless acts specified in paragraph (20) above.

22.    Defendant Haas Trucking directed, encouraged, permitted, and/or implicitly allowed Mr. Larson and its other drivers to commit these and similar negligent and reckless acts with a financial motive for doing so.

23.    Defendant Haas Trucking is vicariously liable for the negligent acts of its driver, Jason B. Larson.

24.     Because Defendant Larson was acting within the scope of his employment with Haas Trucking, pursuant to the doctrine of *respondeat superior*, Defendant Haas Trucking is directly liable to Plaintiffs for each of the particulars of negligence specified above.

25.     Defendants' negligence and/or recklessness proximately caused the damages sustained by Plaintiffs as described in paragraphs (17) and (18) above and paragraph (39) below.

26.     Because Defendant Larson acted recklessly and with a willful and wanton disregard for the safety of the general public, punitive damages should be imposed against the Defendants to punish them for their past conduct and deter them and others from committing similar acts endangering the public as a whole.

27.     Because Defendant Haas Trucking acted recklessly and with a willful and wanton disregard for the safety of the general public by creating a corporate culture whereby Haas and its drivers were financially motivated to commit numerous safety violations in order to enhance Haas's profits, punitive damages should be imposed against Haas Trucking to punish it for its past conduct and deter it and other trucking companies from committing similar reckless acts endangering the public as a whole.

28.     Because Defendant Haas Trucking acted recklessly and with a willful and wanton disregard for the safety of the general public by ignoring and willfully disregarding a sustained pattern of numerous safety violations committed by its drivers over a period of several years' time leading up to the collision at issue in this case in order to enhance Haas's profits, punitive damages should be imposed against Haas Trucking to punish it for its past conduct and deter it and other trucking companies from committing similar reckless acts endangering the public as a whole.

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor for the damages they have sustained, together with punitive damages, with interest and costs as provided by law, and for any other relief to which they are entitled.

### COUNT II
### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

29.     Plaintiffs re-state paragraphs (1) through (28) above as if fully set forth herein.

30.     Defendant Haas Trucking knew, or in the exercise of ordinary care should have known, of Defendant Larson's incompetence, unfitness, willful disregard for safety, and/or his use of and addiction to illegal drugs at the time of his hiring.

31.     Defendant Larson's incompetence, unfitness, and/or repeated and sustained use of illegal drugs proximately caused the damages sustained by the Plaintiffs as described in paragraphs (17) and (18) above and paragraph (39) below.

32.     After Defendant Larson's hiring, Haas Trucking failed to provide appropriate training to Larson regarding his duty to comply with applicable safety regulations, including but not limited to addiction/substance abuse protocols, "hours of service" regulations, industry standards for securing cargo, compliance with company rules and policies, and other training designed to promote driver safety, responsibility, and accountability.

33.     Throughout Defendant Larson's employment, Haas Trucking was negligent and/or reckless in its failure to adequately supervise him.  Among other things, Haas Trucking willfully, wantonly, and recklessly:

   a.      failed to conduct effective drug tests and/or otherwise take any meaningful steps to identify Defendant Larson's use of and addiction to illegal drugs;

   b.      failed to effectively monitor its drivers' repeated and sustained pattern of willfully disregarding applicable FMCSA safety regulations, including but not limited to numerous "hours of service" and other safety violations;

    c.      failed to discipline its drivers for their repeated and sustained pattern of willfully disregarding applicable FMCSA safety regulations;

    d.      failed to act upon information it knew or reasonably should have known about its drivers' misconduct in violation of federal regulations and corporate policies;

    e.      paid performance bonuses to its drivers that incentivized its drivers to operate beyond the applicable FMCSA "hours of service" regulations and to commit other safety violations in furtherance of Haas Trucking's profit motive; and

    f.      engaged in all of the aforementioned practices by giving improper or ambiguous orders to its drivers with a financial motive to intentionally turn a blind eye to its drivers' safety violations in order to enhance its own corporate profits.

34.     Defendant Haas Trucking's failure to properly supervise, train, and monitor Defendant Larson proximately caused the damages sustained by Plaintiffs as described in paragraphs (17) and (18) above and paragraph (39) below.

35.     After learning of Defendant Larson's incompetence, unfitness, disregard for safety, and/or his use of and addiction to illegal drugs at the time of his hiring, Haas Trucking was negligent and/or reckless in its failure to terminate his employment. Instead, Haas Trucking continued to retain Mr. Larson as a driver in order to increase and enhance its own corporate profits.

36.     Haas Trucking's negligence and/or recklessness in failing to discharge Mr. Larson proximately caused the damages sustained by Plaintiffs as described in paragraphs (17) and (18) above and paragraph (39) below.

37.     Because Defendant Haas Trucking acted recklessly and with a willful and wanton disregard for the safety of the general public by creating a corporate culture whereby Haas and its drivers were financially motivated to commit numerous safety violations in order to enhance Haas's profits, punitive damages should be imposed against Haas Trucking to punish it for its

past conduct and deter it and other trucking companies from committing similar reckless acts endangering the public as a whole.

38.     Because Defendant Haas Trucking acted recklessly and with a willful and wanton disregard for the safety of the general public by ignoring and willfully disregarding a sustained pattern of numerous safety violations committed by its drivers over a period of several years' time leading up to the collision at issue in this case in order to enhance Haas's profits, punitive damages should be imposed against Haas Trucking to punish it for its past conduct and deter it and other trucking companies from committing similar reckless acts endangering the public as a whole.

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor for the damages they have sustained, together with punitive damages, with interest and costs as provided by law, and for any other relief to which they are entitled.

## DAMAGES

39.     As a direct result of the above-described acts and omissions by the Defendants, Plaintiffs have sustained the following damages:

a.     past medical and hospital expenses in excess of $275,000.00;

b.     future medical and hospital expenses;

c.     past mental and physical pain and suffering;

d.     future mental and physical pain and suffering;

e.     past loss of wages;

f.     future loss of wages;

g.     past loss of full function of the mind and body;

h.     future loss of full function of the mind and body;

i.      permanent scarring and disfigurement; and

j.      other expenses and damages resulting from this incident.

## LOSS OF SPOUSAL CONSORTIUM BY PLAINTIFF CHRISTINE DAVIS

40.      Plaintiffs re-state paragraphs (1) through (39) above as if fully set forth herein.

41.      As a result of the reckless acts, negligent acts, and/or omissions of the Defendants, Plaintiff Christine Davis has sustained the loss of her husband William Davis's support, society, companionship, cooperation, affection, attention and assistance.

## DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, by and through their undersigned counsel of record, and hereby demand a trial by jury of all of the issues in this case.

Respectfully submitted,

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:    /s/Matthew J. Haindfield (*pro hac vice motion pending*)
        Matthew J. Haindfield  AT0003166
        801 Grand Avenue, Suite 3700
        Des Moines, IA  50309-8004
        Phone:  (515) 246-5814
        Fax:  (515) 246-5808
        E-Mail:  haindfield.matthew@bradshawlaw.com

ATTORNEYS FOR PLAINTIFFS

DANIEL McGRAIL & ASSOCIATES

By:    /s/Daniel J. McGrail (*local counsel*)
        Daniel J. McGrail
        321 West State Street, Suite 602
        Rockford, IL  61101-1129
        Phone:  (815) 961-8770
        Fax:  (815) 961-8780
        E-Mail:  mcgraillaw@sbcglobal.net

ATTORNEYS FOR PLAINTIFFS